UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WELLS FARGO CLEARING
SERVICES, LLC D/B/A/ WELLS
FARGO ADVISORS,

    Plaintiff,

v.                                                 Case No. 8:20-cv-2021-T-60AEP

BRADY PEDLER and JOSEPH
SANTANA,

    Defendants.
_____/

**ORDER DENYING "PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MEMORANDUM IN SUPPORT THEREOF"**

This matter is before the Court on "Plaintiff's Motion for Temporary Restraining Order and Memorandum in Support Thereof," filed on August 28, 2020. (Doc. 4). Upon review of the motion, court file, and record, the Court finds as follows:

**Background**

Plaintiff Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors ("WFA") is a broker dealer and employed Defendants Brady Pedler and Joseph Santana as registered representatives from 2006 to 2020. Pedler and Santana worked as a team, sharing clients and commissions. In the course of their employment with WFA, Defendants entered into multiple agreements that generally prohibited them from soliciting WFA clients for a period of one year following termination of their employment.

WFA's verified complaint alleges that prior to leaving WFA on August 24, 2020, Defendants began to solicit WFA clients to follow them to their new employer, RBC

Wealth Management, a direct competitor of WFA. WFA also alleges "on information and belief" that Defendants have taken and removed confidential client information by transferring it to their homes, and misused confidential information by soliciting WFA clients, in violation of their agreements.

WFA seeks a temporary restraining order ("TRO") to prevent Defendants from soliciting WFA clients and requiring Defendants to return all client information they have taken. WFA asserts that the merits of the dispute will be determined under Financial Industry Regulatory Authority ("FINRA") arbitration once the Court rules on WFA's motion for a TRO. WFA claims that it will suffer irreparable injury if the Court does not enter a TRO.

## **Legal Standard**

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 4.05. A motion seeking a temporary restraining order "must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." M.D. Fla. Local Rule 4.05(b)(2).

A no-notice TRO "is an extreme remedy to be used only with the utmost caution." *Levine v. Camcoa, Ltd.,* 70 F.3d 1191, 1194 (11th Cir. 1995). Before considering the efficacy of injunctive relief, the Court must determine the initial threshold matter of whether the movant has provided sufficient justification to seek *ex parte* relief. *See*

*Xylem, Inc. v. Church*, No. 8:19-cv-304-T-33TGW, 2019 WL 459144, at *3 (M.D. Fla. Feb. 6, 2019). Under Rule 65(b)(1), a federal court may only issue a TRO without first giving notice to the enjoined parties if the movant provides:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "To obtain *ex parte* relief, a party must strictly comply with these requirements. They are not mere technicalities, but establish minimum due process." *Xylem*, 2019 WL 459144, at *3 (quoting *Emerging Vision, Inc. v. Glachman*, No. 9:10-cv-80734-KLR, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, 2010 WL 3293351, at *1 (S.D. Fla. Aug. 11, 2010)). "A [movant] cannot evade the requirements of Rule 65(b)(1) and obtain an *ex parte* restraining order by merely pointing to the merits of its claims." *Id.* (internal quotations omitted).

If the movant establishes that it is justified in seeking *ex parte* relief, it next bears the burden to establish that injunctive relief is appropriate by showing: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## Analysis

Without undertaking substantial and unnecessary analysis, the Court finds that WFA has failed to establish entitlement to a no-notice TRO. WFA asserts that it gave

notice to Defendants, and argues that the Court should hear its motion without waiting for their response, because "every hour that they are allowed to continue to solicit Wells Fargo's clients risks irreparable damage to Wells Fargo's relationship with its clients." WFA, however, does not assert *specific facts* that clearly show it will suffer immediate and irreparable injury, loss, or damage before Defendants can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A)-(B). It is not clear how injury is so imminent and irreparable that notice and a hearing on an application for preliminary injunction is impractical if not impossible. In light of these deficiencies, the Court is not able to address WFA's allegations without input from the Defendants and is unwilling to permit the use of such an extreme remedy.

Moreover, the Court finds that the TRO motion is procedurally insufficient. The Court may only issue a TRO if the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. *See* Fed. R. Civ. P. 65(c); Local R. M.D. Fla. 4.05(3) (explaining that a motion seeking a TRO must contain, among other things, "facts on which the Court can make a reasoned determination as to the amount of security which must be posted"); *Williamson v. Bank of America, N.A.*, No. 1:12-cv-01829-JEC-RGV, 2012 WL 12883933, at *2 (N.D. Ga. May 29, 2012). Here, WFA does not argue that the security requirement should be waived, and its proposed order includes reference to a bond. The proposed order, however, leaves the amount of the proposed bond blank, and WFA's motion fails to discuss the security requirement or provide facts on which the Court could make a reasoned determination as to an appropriate amount.

Because WFA has failed to meet the high burden for the issuance of a TRO, its motion must be denied. This ruling does not preclude WFA from seeking a preliminary injunction and requesting an expedited schedule to address such motion.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion for Temporary Restraining Order and Memorandum in Support Thereof" (Doc. 4) is **DENIED**.

2. Plaintiff is **DIRECTED** to immediately serve on Defendants: (1) a copy of the complaint and its exhibits; (2) a copy of the TRO motion and its exhibits; and (3) a copy of this Order. Plaintiff is further **DIRECTED** to file proofs of service on or before September 12, 2020.

3. The Court sets a Rule 16 status conference before the undersigned on Thursday, September 17, 2020, at 2:45 PM in Courtroom 14A of the Tampa Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602. At that time, the Court will consider expedited procedures for hearing and determining a motion by WFA for preliminary injunction.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of August, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**